IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| INNOVATIO IP VENTURES, LLC,<br><br>    Plaintiff,<br> v.<br><br>BEST WESTERN ARROWHEAD LODGE & SUITES;<br>BEST WESTERN QUIET HOUSE & SUITES (DODGEVILLE);<br>BEST WESTERN PLUS TRAIL LODGE HOTEL & SUITES;<br>BEST WESTERN HUDSON HOUSE INN;<br>BEST WESTERN PLUS LA CROSSE;<br>BEST WESTERN COUNTRYSIDE INN (LODI);<br>BEST WESTERN PLUS INNTOWNER HOTEL AND THE HIGHLAND CLUB;<br>BEST WESTERN PLUS EAST TOWNE SUITES;<br>BEST WESTERN WEST TOWNE SUITES;<br>BEST WESTERN PARK OASIS INN;<br>BEST WESTERN RESORT HOTEL & CONFERENCE CENTER PORTAGE;<br>BEST WESTERN BLUFFVIEW INN & SUITES;<br>BEST WESTERN CLARIDGE MOTOR INN;<br>BEST WESTERN INN (RICE LAKE);<br>BEST WESTERN NORTHWOODS LODGE;<br>BEST WESTERN SPARTA TRAIL LODGE;<br>BEST WESTERN AMERICAN HERITAGE;<br>BEST WESTERN BAY WALK INN;<br>BEST WESTERN BRIDGEVIEW MOTOR INN;<br>BEST WESTERN LAKE-AIRE MOTEL & RESORT;<br>BEST WESTERN MIDWAY HOTEL (WAUSAU); and<br>BEST WESTERN AMBASSADOR INN & SUITES,<br>    Defendants. | Civil Action No. 11-cv-643<br><br>COMPLAINT<br>(Jury Trial Demand) |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

For its Original Complaint for Patent Infringement, Plaintiff Innovatio IP Ventures, LLC ("Innovatio"), by and through its undersigned counsel, alleges against the Best Western Defendants – as particularly identified below – as follows:

**THE PARTIES**

1. Plaintiff Innovatio is a limited liability company organized under the laws of the State of Delaware and has a place of business at 22 West Washington Street, Suite 1500, Chicago, Illinois 60602.

2. On information and belief, Defendant Best Western Arrowhead Lodge & Suites owns and operates a hotel at 7100 Stone Ridge Drive, Weston, Wisconsin 54476.

3. On information and belief, Defendant Best Western Quiet House & Suites (Dodgeville) owns and operates a hotel at 1130 North Johns Street, Dodgeville, Wisconsin 53533.

4. On information and belief, Defendant Best Western Plus Trail Lodge Hotel & Suites owns and operates a hotel at 3340 Mondovi Road, Eau Claire, Wisconsin 54701.

5. On information and belief, Defendant Best Western Hudson House Inn owns and operates a hotel at 1616 Crest View Drive, Hudson, Wisconsin 54016.

6. On information and belief, Defendant Best Western Plus La Crosse owns and operates a hotel at 1835 Rose Street, La Crosse, Wisconsin 54603.

7. On information and belief, Defendant Best Western Countryside Inn (Lodi) owns and operates a hotel at W9250 Prospect Drive, Lodi, Wisconsin 53555.

8. On information and belief, Defendant Best Western Plus InnTowner Hotel and the Highland Club owns and operates a hotel at 2424 University Avenue, Madison, Wisconsin 53726.

9. On information and belief, Defendant Best Western Plus East Towne Suites owns and operates a hotel at 4801 Annamark Drive, Madison, Wisconsin 53704.

10. On information and belief, Defendant Best Western West Towne Suites owns and operates a hotel at 650 Grand Canyon Drive, Madison, Wisconsin 53719.

11. On information and belief, Defendant Best Western Park Oasis Inn owns and operates a hotel at W5641 State Road 82 East, Mauston, Wisconsin 53910.

12. On information and belief, Defendant Best Western Resort Hotel & Conference Center Portage owns and operates a hotel at 2701 County Road CX, Portage, Wisconsin 53901.

13. On information and belief, Defendant Best Western Bluffview Inn & Suites owns and operates a hotel at 37268 U.S. Highway18, Prairie du Chien, Wisconsin 53801.

14. On information and belief, Defendant Best Western Claridge Motor Inn owns and operates a hotel at 70 North Stevens Street, Rhinelander, Wisconsin 54501.

15. On information and belief, Defendant Best Western Inn (Rice Lake) owns and operates a hotel at 2835 South Main Street, Rice Lake, Wisconsin 54868.

16. On information and belief, Defendant Best Western Northwoods Lodge owns and operates a hotel at 23986 Wisconsin 35, Siren, Wisconsin 54872.

17. On information and belief, Defendant Best Western Sparta Trail Lodge owns and operates a hotel at 4445 Theater Road, Sparta, Wisconsin 54656.

18. On information and belief, Defendant Best Western American Heritage Inn owns and operates a hotel at 101 East Maple Street, Spooner, Wisconsin 54801.

19. On information and belief, Defendant Best Western Bay Walk Inn owns and operates a hotel at 1405 Susquehanna Avenue, Superior, Wisconsin 54880.

20. On information and belief, Defendant Best Western Bridgeview Motor Inn owns and operates a hotel at 415 Hammond Avenue, Superior, Wisconsin 54880.

21. On information and belief, Defendant Best Western Lake-Aire Motel & Resort owns and operates a hotel at North 11925 Business Highway 51, Tomahawk, Wisconsin 54487.

22. On information and belief, Defendant Best Western Midway Hotel (Wausau) owns and operates a hotel at 2901 Martin Avenue, Wausau, Wisconsin 54401.

23. On information and belief, Defendant Best Western Ambassador Inn & Suites owns and operates a hotel at 610 South Frontage Road, Wisconsin Dells, Wisconsin 53965.

24. The defendants identified in paragraphs 2-23 above are hereinafter referred to collectively as "the Best Western Defendants."

## JURISDICTION AND VENUE

25. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

26. This Court has personal jurisdiction over each of the Best Western Defendants.

27. Venue for this action is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENTS-IN-SUIT

28. On March 30, 2004, the United States Patent and Trademark Office ("the USPTO") duly and legally issued U.S. Patent No. 6,714,559 ("the '559 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '559 Patent is attached as Exhibit A.

29. On June 10, 2008, the USPTO duly and legally issued U.S. Patent No. 7,386,002 ("the '002 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '002 Patent is attached as Exhibit B.

30. On May 19, 2009, the USPTO duly and legally issued U.S. Patent No. 7,535,921 ("the '921 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '921 Patent is attached as Exhibit C.

31. On June 16, 2009, the USPTO duly and legally issued U.S. Patent No. 7,548,553 ("the '553 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '553 Patent is attached as Exhibit D.

32. On April 14, 1998, the USPTO duly and legally issued U.S. Patent No. 5,740,366 ("the '366 Patent") titled "Communication Network Having Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery." A copy of the '366 Patent is attached as Exhibit E.

33. On August 17, 1999, the USPTO duly and legally issued U.S. Patent No. 5,940,771 ("the '771 Patent") titled "Network Supporting Roaming, Sleeping Terminals." A copy of the '771 Patent is attached as Exhibit F.

34. On April 16, 2002, the USPTO duly and legally issued U.S. Patent No. 6,374,311 ("the '311 Patent") titled "Communication Network Having A Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery." A copy of the '311 Patent is attached as Exhibit G.

35. On November 25, 2008, the USPTO duly and legally issued U.S. Patent No. 7,457,646 ("the '646 Patent") titled "Radio Frequency Local Area Network." A copy of the '646 Patent is attached as Exhibit H.

36. On August 13, 1996, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,546,397 ("the '397 Patent") titled "High Reliability

Access Point For Wireless Local Area Network." A copy of the '397 Patent is attached as Exhibit I.

37. On December 1, 1998, the USPTO duly and legally issued U.S. Patent No. 5,844,893 ("the '893 Patent") titled "System For Coupling Host Computer Means With Base Transceiver Units On A Local Area Network." A copy of the '893 Patent is attached as Exhibit J.

38. On December 16, 2003, the USPTO duly and legally issued U.S. Patent No. 6,665,536 ("the '536 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '536 Patent is attached as Exhibit K.

39. On February 24, 2004, the USPTO duly and legally issued U.S. Patent No. 6,697,415 ("the '415 Patent") titled "Spread Spectrum Transceiver Module Utilizing Multiple Mode Transmission." A copy of the '415 Patent is attached as Exhibit L.

40. On March 14, 2006, the USPTO duly and legally issued U.S. Patent No. 7,013,138 ("the '138 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '138 Patent is attached as Exhibit M.

41. On May 4, 2010, the USPTO duly and legally issued U.S. Patent No. 7,710,907 ("the '907 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '907 Patent is attached as Exhibit N.

42. On March 29, 2011, the USPTO duly and legally issued U.S. Patent No. 7,916,747 ("the '747 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '747 Patent is attached as Exhibit O.

43. On January 18, 2011, the USPTO duly and legally issued U.S. Patent No. 7,873,343 ("the '343 Patent") titled "Communication Network Terminal With Sleep Capability." A copy of the '343 Patent is attached as Exhibit P.

44. On May 19, 2009, the USPTO duly and legally issued U.S. Patent No. 7,536,167 ("the '167 Patent") titled "Network Supporting Roaming, Sleeping Terminals." A copy of the '167 Patent is attached as Exhibit Q.

45. The seventeen patents identified in paragraphs 28-44 are hereinafter referred to collectively as the "WLAN Patents."

46. Innovatio owns all rights, title, and interest in and to, and has standing to sue for infringement of, the WLAN Patents, including the right to sue for and collect past damages.

## COUNT ONE
### INFRINGEMENT OF THE '559 PATENT

47. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 46 as if fully set forth herein.

48. Each of the Best Western Defendants has infringed and continues to infringe one or more claims of the '559 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, wireless local area network products ("WLAN Products") to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 6, 7, and 8 of the '559 Patent.

## COUNT TWO
### INFRINGEMENT OF THE '002 PATENT

49. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 46 as if fully set forth herein.

50. Each of the Best Western Defendants has infringed and continues to infringe one or more claims of the '002 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests,

employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 14-16, 18, and 19 of the '002 Patent.

## COUNT THREE
## INFRINGEMENT OF THE '921 PATENT

51. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 46 as if fully set forth herein.

52. Each of the Best Western Defendants has infringed and continues to infringe one or more claims of the '921 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 1, 2, 5, 7, and 8 of the '921 Patent.

## COUNT FOUR
## INFRINGEMENT OF THE '553 PATENT

53. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 46 as if fully set forth herein.

54. Each of the Best Western Defendants has infringed and continues to infringe one or more claims of the '553 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 10-12, 17, 19, and 20 of the '553 Patent.

## COUNT FIVE
## INFRINGEMENT OF THE '366 PATENT

55. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 46 as if fully set forth herein.

56. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Best Western Defendants has infringed and continues to infringe one or more claims of the '366 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 5-7, 9-17, 19-24, 26-29, and 32 of the '366 Patent.

## COUNT SIX
## INFRINGEMENT OF THE '771 PATENT

57. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 46 as if fully set forth herein.

58. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Best Western Defendants has infringed and continues to infringe one or more claims of the '771 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1-7 of the '771 Patent.

## COUNT SEVEN
## INFRINGEMENT OF THE '311 PATENT

59. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 46 as if fully set forth herein.

60. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Best Western Defendants has infringed and continues to infringe one or more claims of the '311 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 20-24, 26-30, 32-37, 39-41, 43-51, 53-56, 60, and 64 of the '311 Patent.

## COUNT EIGHT
## INFRINGEMENT OF THE '646 PATENT

61. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 46 as if fully set forth herein.

62. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Best Western Defendants has infringed and continues to infringe one or more claims of the '646 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 14-17, 19-22, 26-35, 39-40, 43-45, 47, 49-51, 53-56, 59-64, 66-69, 71-73, 79, 82-89, 91-94, 98-104, 107, 108, 111, 112, 114-123, 125-128, 130, 135-137, 143, and 144 of the '646 Patent.

## COUNT NINE
## INFRINGEMENT OF THE '397 PATENT

63. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 46 as if fully set forth herein.

64. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Best Western Defendants has infringed and continues to infringe one or more claims of the '397 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1-5 of the '397 Patent.

## COUNT TEN
## INFRINGEMENT OF THE '893 PATENT

65. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 46 as if fully set forth herein.

66. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Best Western Defendants has infringed and continues to infringe one or more claims of the '893 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 7-11 of the '893 Patent.

## COUNT ELEVEN
## INFRINGEMENT OF THE '536 PATENT

67. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 46 as if fully set forth herein.

68. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Best Western Defendants has infringed and continues to infringe one or more claims of the '536 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers,

guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1, 5, 8, 10, 11, 13-17, 19, 20, and 49 of the '536 Patent.

## COUNT TWELVE
## INFRINGEMENT OF THE '415 PATENT

69. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 46 as if fully set forth herein.

70. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Best Western Defendants has infringed and continues to infringe one or more claims of the '415 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 11, 12, and 15 of the '415 Patent.

## COUNT THIRTEEN
## INFRINGEMENT OF THE '138 PATENT

71. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 46 as if fully set forth herein.

72. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Best Western Defendants has infringed and continues to infringe one or more claims of the '138 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN

Products infringe, by way of example and not limitation, at least claims 1, 5, 8, 10, 11, 13-15, 17, 18, 21, 24, 26, 28, and 36 of the '138 Patent.

**COUNT FOURTEEN**
**INFRINGEMENT OF THE '907 PATENT**

73. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 46 as if fully set forth herein.

74. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Best Western Defendants has infringed and continues to infringe one or more claims of the '907 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1, 7, 10, 12, 13, 15-17, 20, 21, 23, 24, 30, 33, 35, 36, 38, 39, 40, 43, 44, and 46-50 of the '907 Patent.

**COUNT FIFTEEN**
**INFRINGEMENT OF THE '747 PATENT**

75. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 46 as if fully set forth herein.

76. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Best Western Defendants has infringed and continues to infringe one or more claims of the '747 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1-3, 5-8, 11, 13, 16, 17, and 20-25 of the '747 Patent.

## COUNT SIXTEEN
## INFRINGEMENT OF THE '343 PATENT

77. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 46 as if fully set forth herein.

78. Innovatio believes that a reasonable opportunity for further investigation or discovery will likely show that each of the Best Western Defendants has infringed and continues to infringe one or more claims of the '343 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products infringe, by way of example and not limitation, at least claims 1-6, 8-12, 15-20, 22, 23, 25, 28-30, 31-36, 38-42, 45-50, 52, 53, 55, and 58-60 of the '343 Patent.

## COUNT SEVENTEEN
## INFRINGEMENT OF THE '167 PATENT

79. Innovatio repeats and realleges the allegations of the preceding paragraphs 1 - 46 as if fully set forth herein.

80. Innovatio believe that a reasonable opportunity for further investigation or discovery will likely show that each of the Best Western Defendants has infringed and continues to infringe one or more claims of the '167 Patent in violation of 35 U.S.C. § 271(a) by using, in this judicial district, WLAN Products to provide wireless network access to their customers, guests, employees, and/or the public, and/or in their business operations, where such WLAN Products practice the methods of, by way of example and not limitation, at least claims 73-77, 79-83, 85, 89-97, 100, 102-107, 109-113, 115, 119-127, 130, 132-134, and 203 of the '167 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Innovatio respectfully requests entry of judgment in its favor and the following relief, including:

A.    That each of the Best Western Defendants be adjudged to have infringed one or more claims of each of the WLAN Patents;

B.    That each of the Best Western Defendants and all related entities and their officers, agents, employees, representatives, servants, successors, assigns and all persons in active concert or participation with any of them, directly or indirectly, be preliminarily and permanently enjoined from using, or contributing or inducing the use of, any WLAN Product, system or network that infringes any WLAN Patent;

C.    That each of the Best Western Defendants account for damages sustained by Innovatio as a result of each of the Best Western Defendants' infringement of the WLAN Patents, including both pre- and post-judgment interest and costs as fixed by this Court under 35 U.S.C. § 284; and

D.    That the Court grant Innovatio such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Innovatio demands a trial by jury on all issues so triable.

Dated: September 19, 2011                                     Respectfully submitted,

                                                              */s/ Matthew G. McAndrews*
                                                              Matthew G. McAndrews
                                                              Raymond P. Niro, Jr.
                                                              Brian E. Haan
                                                              Gabriel I. Opatken
                                                              NIRO, HALLER & NIRO

                                          181 West Madison St., Suite 4600
                                          Chicago, Illinois 60602
                                          Telephone: (312) 236-0733
                                          Facsimile: (312) 236-3137
                                          E-mail: mmcandrews@nshn.com
                                          E-mail: rnirojr@nshn.com
                                          E-mail: bhaan@nshn.com
                                          E-mail: gopatken@nshn.com

                                          *Attorneys for Plaintiff,*
                                          INNOVATIO IP VENTURES, LLC